JENNIFER STEEVE (CSB #308082)
RILEY SAFER HOLMES & CANCILA LLP
100 Spectrum Center Drive, Ste 440
Irvine, CA  92618
Email:           jsteeve@rshc-law.com
Telephone:    (949) 359-5515
Facsimile:     (949) 359-5501

Attorneys for Defendant
PACIFIC INVESTMENT MANAGEMENT COMPANY LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN SMITHSON,<br><br>              Plaintiff,<br><br>      v.<br><br>DAVID DE ALBA, ANNE MARRIE SCHUBERT, NAV GILL, RALPH DIAZ, ATLANTIC FINANCIAL; PACIFIC INVESTMENT MANAGEMENT COMPANY; and DOES 1-10, INCLUSIVE,<br><br>              Defendants. | Case No. 2:20-cv-08520<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(c) (FEDERAL QUESTION)**<br><br>(Removed from Orange County Superior Court, Case No. 30-2020-01151531-CU-SL-CXC)<br><br>State Complaint Filed:    July 27, 2020<br><br>Trial Date:                        Not Assigned |

**TO THE CLERK AND THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT Defendant PACIFIC INVESTMENT MANAGEMENT COMPANY LLC ("PIMCO" or "Defendant") hereby gives notice of removal of the above-entitled civil action from the Superior Court of the State of California, County of Orange, to the United States District Court, Central District of California.  Removal of this case is authorized under 28 U.S.C. § 1441(c), based upon the following facts:

## PROCEDURAL HISTORY

1.      On or about July 27, 2020, Plaintiff Thomas John Smithson commenced this action in the Orange County Superior Court against Judge David De Alba; District Attorney Anne Marie Schubert; County Clerk Nav Gill; Ralph Diaz, California Department of Corrections and

Rehabilitations Secretary; Pacific Investment Management Company; Atlantic Financial; and Does 1-10.  A true and correct copy of the original complaint is attached hereto as **Exhibit A**.

2. The Complaint alleges that the Orange County Superior Court has jurisdiction by virtue of 28 U.S.C. § 1333 (vesting jurisdiction in federal courts for admiralty cases) and § 1337 (vesting jurisdiction in federal courts for cases arising from federal legislation regulating commerce or federal antitrust laws).  It seeks $517,987,368.60 (five hundred and seventeen million, nine hundred and eighty-seven, three hundred and sixty-eight dollars and sixty cents) in damages.  The form complaint identifies the following causes of action: Fraud, Securities Fraud Conversion, Illegal Formation of a Contract/Bonds, Identity Theft, Human Trafficking, and RICO Violations.

3. With respect to PIMCO, the Complaint alleges that Sacramento County Judge De Alba "initiated judicial lien upon Plaintiff indemnifying plaintiff and causing plaintiff to become collateral in order to create illegal business transactions through Surety Bonds, Bid Bonds, performance Bonds, Corporate Bonds, Grants and diversified other Financial interests for unjust enrichments."  (Compl., ¶ 10.) The Complaint alleges that at the issuance of this lien, a Memorandum of Costs was filed, "which contained information and is the foundations beginning of a 'Surety Bond' created in Plaintiff's name without Plaintiff's knowledge, or expressed, implied, written, or verbal consent."  (*Id.*, ¶ 12.) Defendants "then passed the Surety Bond betwixt each other…for the purposes of underwriting and converting bond for commercial and international trade/sale and were unjustly enriched."  (*Id.*, ¶ 13.) Additionally, the Complaint alleges that all Defendants "under Constructive Law Standard did engage in Human Trafficking[,]" and "did Violate RICO violations upon Plaintiff by unjustly enriching themselves through illegal business conducted from the illegal formation of executory contract."  (*Id.*, ¶ 16-17.) Among various sundry other claims, the Complaint alleges that Defendants have "failed to properly claim taxable gains from…unjust enrichmen[t]s and interest gained yearly as required."  (*Id.*, ¶ 21.) Plaintiff also claims all Defendants "are in violation of S.E.C. law and have committed Securities Fraud in creating bonds and various other financial transactions within Trade and Commerce internationally via illegal executory contract." (*Id.*, ¶ 24.)

4.   PIMCO was served with the Complaint on August 24, 2020.

5.   PIMCO has not yet responded to the Complaint, and its time to do so has not yet expired.

**JURISDICTION**

6.   This court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 and § 1367(a). This Court has original jurisdiction over this civil action based on the federal questions raised by Plaintiff, and supplemental jurisdiction over the related state claims. Accordingly, this action is properly removable to federal Court pursuant to 28 U.S.C. § 1441(c).

7.   Specifically, Plaintiff alleges that PIMCO engaged in Securities Fraud in violation of 18 U.S.C. § 3301, and he alleges that subject matter jurisdiction is established in part under 28 U.S.C. § 1337 (vesting jurisdiction in federal courts for cases "raising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies").

8.   Additionally, Plaintiff alleges that PIMCO engaged in "RICO Act Violations." This alleged violation of 18 U.S.C. §1962 further establishes this Court's jurisdiction.

9.   Plaintiff further alleges that this is a case "within the admiralty" and that jurisdiction also arises under 28 U.S.C. § 1333.

10.  Plaintiff seeks $517,987,368.60 (five hundred and seventeen million, nine hundred and eighty-seven, three hundred and sixty-eight dollars and sixty cents) in damages, satisfying the amount in controversy requirement.

11.  Based on the aforementioned federal claims, this Court also has supplemental jurisdiction over Plaintiff's state claims.

12.  Although Plaintiff has failed to file any proof of service of summons with the Orange County Superior Court, PIMCO is informed and believes that Plaintiff served Ralph Diaz, the Secretary of the California Department of Corrections and Rehabilitations ("CDCR"), with the complaint. Ralph Diaz and the CDCR consent to this removal. PIMCO is further informed and believes that no other defendant has been served. Therefore, all served defendants consent to this removal. !

13.  As shown herein, the requirements of 28 U.S.C. § 1331 and § 1367(a) are satisfied.

**TIMELINESS OF REMOVAL**

14. Pursuant to 28 U.S.C. § 1446, PIMCO's Notice of Removal is timely because it is being filed within 30 days of service of the summons and complaint on PIMCO and within one year of the commencement of this action. *See* 28 U.S.C. § 1441(c).

**SERVICE OF NOTICE OF REMOVAL ON STATE COURT**

15. Promptly following the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned will give Plaintiff written notice of such filing. A true and correct copy of this notice form is attached hereto as **Exhibit B** (without attachments). Written notice will also be filed with the Clerk of the Superior Court of the County of Orange. A true and correct copy of this notice form is attached hereto as **Exhibit C** (without attachments).

WHEREFORE, Defendant Pacific Investment Management Company LLC respectfully requests that this action now pending in the Superior Court of California, County of Orange, be removed to this Court, and that further proceedings in this action be conducted in this Court as provided by law.

Dated: September 17, 2020

Respectfully Submitted,

By: */s/ Jennifer Steeve*

Jennifer Steeve
Riley Safer Holmes & Cancila LLP
Attorneys for Pacific Investment Management Company LLC

4852-6358-0363, v. 1

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 100 Spectrum Center Drive, Suite 440, Irvine, CA 92618.

On **September 17, 2020**, I caused the foregoing document(s) described as:

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(c) (FEDERAL QUESTION)** to be served on all interested parties in this action as follows:

| | |
|---|---|
| Thomas J. Smithson, P02371<br>Mule Creek State Prison<br>P.O. Box 409090<br>Ione, CA 95640 | Plaintiff Pro Per |
| Sylvie P. Snyder, Esc.<br>Dept. of Justice, Office of the Attorney General<br>600 W. Broadway, Suite 1800<br>San Diego, CA 92101 | Attorneys for Defendant R. Diaz/California Dept. of Corrections and Rehabilitation<br>Phone: 619-738-9553<br>Email: Sylvie.Snyder@doj.ca.gov |

☒ BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **September 17, 2020**, at Irvine, California.

_Jennifer Steeve_